# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JOHN KOO-HYUN KIM** | § | |
| | § | |
| **v.** | § | **A-07-CA-123 LY** |
| | § | |
| **MICHAEL CHERTOFF, SECRETARY OF** | § | |
| **THE UNITED STATES DEPARTMENT** | § | |
| **OF HOMELAND SECURITY** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are:  Defendant's Motion to Dismiss Plaintiff's Complaint and/or Motion for Summary Judgment, filed on August 27, 2007 (Clerk's Docket No. 22);  Plaintiff's Response and Motion to Grant U.S. Citizenship, filed on August 31, 2007 (Clerk's Docket No. 23);  Defendant's Reply filed on September 10, 2007 (Clerk's Docket No. 24);  Plaintiff's Motion for Immediate Summary Judgment, filed on September 27, 2007 (Clerk's Docket No. 25);  Plaintiff's Motion to Grant U.S. Citizenship, filed on October 9, 2007 (Clerk's Docket No. 27);  Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment, filed on October 9, 2007 (Clerk's Docket No. 28);  and Defendant's Motion to Strike Plaintiff's Motion to Grant U.S. Citizenship, filed on October 22, 2007 (Clerk's Docket No. 30).

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

On March 9, 2007, Plaintiff John Koo-Hyun Kim ("Plaintiff"), a South Korean native who entered the United States in 1981 through a non-immigrant student visa, filed the above-styled lawsuit on behalf of himself and his son, Sejun Kim, requesting that the Court grant both of them "American citizenship as of April 20, 1993 under the law of 8 U.S.C. § 1255."  Plaintiff's More Definite Statement at 13.  The instant lawsuit is one of three Plaintiff has filed in the Western District of Texas challenging the deportation of his son.  *See Kim v. Ruhle*, No. EP-99-CA-422-DB (dismissed for lack of jurisdiction), and *Kim v. Kim*, A-07-CA-224 LY (dismissed as frivolous).[1] Sejun Kim was deported from the United States after an Immigration Judge ("IJ") found that he was removable from the United States pursuant to 8 U.S.C. § 1182(a)(2)(A)(i)(II) for having pled guilty in the 346th Judicial District Court of El Paso County, Texas, to possession of a controlled substance. Because Sejun Kim could not prove eligibility for any type of relief from removal, the Board of Immigration Appeals ("BIA") affirmed the IJ's ruling and dismissed his appeal.  On December 16, 1999, Sejun Kim filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the deportation order.  United States District Judge David Briones denied the Petition finding that Sejun Kim was ineligible for cancellation of removal and that he was removable as an alien convicted of violating controlled substance laws.  *See Kim v. Ruhle*, No. EP-99-CA-422-DB, 2000 WL 33348230 (W.D. Tex. Aug. 14, 2000).  On March 3, 2003, the Court of Appeals for the Fifth Circuit dismissed Sejun's appeal of the District Court's Order for want of prosecution.  *See* Clerk's Docket No. 47 in

---

[1]Kim has also filed three other lawsuits in the Western District of Texas, two of which have been dismissed for frivolousness or for failure to comply with a court order.  *See Kim Kim, et al v. Colvin, et al*, A-07-CA-260 LY (tax suit dismissed as frivolous); *Kim v. Kinslow et al*, A-07-CA-140 LY (currently pending before the District Court); and *Kim v. Dell Inc.*, A-07-CA-451 SS (dismissed for failure to comply with a court order).

3:99-CA-422 DB.  Plaintiff attempted to challenge the deportation of his son again in *Kim v. Kim*, A-07-CA-224 LY, which was dismissed for frivolousness.  Plaintiff has also been warned repeatedly by the District Courts of the Western District of Texas and the Fifth Circuit concerning the filing of frivolous motions.  See Exhibits 3 and 5 to Defendant's Motion to Dismiss.

In the instant lawsuit, Plaintiff is once again attempting to challenge the deportation of his son (in addition to arguing that the Immigration and Naturalization Service ("INS")[2] should have granted him and his son citizenship in 1993).  Plaintiff contends that the INS granted his wife and daughter's Applications for Legalization, but mistakenly denied his and his son's applications on April 20, 1988.  Although it appears that Plaintiff became a lawful permanent resident in August 1996, Kim contends that the INS should have granted him and his son, Sejun Kim, citizenship as of 1993, pursuant to 8 U.S.C. § 1255a.

Because Plaintiff was attempting to represent both himself and his son, Sejun *pro se* in this lawsuit, the Court recommended that the District Court dismiss Sejun Kim from this lawsuit.  *See* Order, dated April 9, 2007 (Clerk's Docket No. 6).  The District Court adopted that recommendation and dismissed Sejun Kim from the case on June 13, 2007.  *See* Clerk's Docket No. 13.  Because Sejun Kim is no longer a party to this case, the Court will not address any issues related to Sejun Kim in this Report and Recommendation.[3]  Thus, the only viable claim remaining in this case is

---

[2] On March 1, 2003, the INS ceased to exist.  Its duties were assigned to two agencies within the newly created Department of Homeland Security (DHS): Immigration and Customs Enforcement (ICE) and Citizenship and Immigration Services. *See* Homeland Security Act of 2002, Pub.L. No. 107-296, § 471(a), 116 Stat. 2135, 2205 (Nov. 25, 2002); *Mortera-Cruz v. Gonzales*, 409 F.3d 246, 248 n. 1 (5th Cir. 2005).

[3] The Court also notes that any claims by Sejun Kim would be barred by *res judicata*, since the Honorable David Briones already addressed the merits of Sejun Kim's challenge to his deportation order.

Plaintiff's claim that he should have become a lawful permanent resident of the United States in 1993. Accordingly, the Court will not address those arguments in the Defendant's Motion to Dismiss and/or Motion for Summary Judgment pertaining to Sejun Kim.

## II. ANALYSIS

### A. Defendant's Motions to Strike

Defendant moves to Strike Plaintiff's "Motion for Immediate Summary Judgment to Grant U.S. Citizenship" (Clerk's Docket No. 25) and "Motion to Grant U.S. Citizenship"(Clerk's Docket No. 27) as redundant. The Court agrees. Plaintiff has already moved for the Court to grant him and his son United States citizenship in his Complaint, More Definite Statement and in an earlier-filed "Motion to Grant U.S. Citizenship of John Koo-Hyun Kim and Sejun Kim as of April 20, 1993" (Clerk's Docket No. 23). Accordingly, Defendant's Motions to Strike (Clerk's Docket Nos. 28 and 30) are **HEREBY GRANTED**. Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff's "Motion for Immediate Summary Judgment to Grant U.S. Citizenship" (Clerk's Docket No. 25) and "Motion to Grant U.S. Citizenship"(Clerk's Docket No. 27) are **HEREBY STRICKEN** from the record as redundant.

### B. Defendant's Motion to Dismiss and/or Motion for Summary Judgment

Defendant argues that Plaintiff's claims regarding his citizenship status should be dismissed because he has failed to provide the Court with any evidence that he applied for citizenship and was denied. *See* INS Response noting that there was no record of Plaintiff or his family having filed for United States citizenship, Exhibit to Docket No. 23. Thus, Defendant argues that Plaintiff has failed to show that this Court has jurisdiction to hear Plaintiff's claims. The Court agrees.

### 1.      Standard of Review

Because the Parties have submitted matters outside the pleadings which have not been excluded by the Court, the Court will treat Defendant's Motion to Dismiss as a Motion for Summary Judgment and apply the applicable standard of review. *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir.2002); *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."). Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986);  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986);  *Ragas*, 136 F.3d at 458.  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue.  *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence, and thus are

insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### 2.  Analysis of Plaintiff's claim

The only relief that Plaintiff seeks in this lawsuit on behalf of himself is his request that the District Court grant him United States citizenship as of 1993. However, the "sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." 8 U.S.C. § 1421(a); § 1421(d) ("A person may only be naturalized as a citizen of the United States in the manner and under the conditions prescribed in this subchapter...."). Thus, the Court does not have the authority to grant the relief Plaintiff seeks. *See INS v. Pangilinan*, 486 U.S. 875, 883-84 (1988) (holding that the federal courts do not have "the power to make someone a citizen of the United

States"); *Mendonca v. I.N.S.*, 52 F. Supp.2d 155, 163-4 (D. Mass.1999) (holding that court lacked independent jurisdiction to order applicant naturalized).

District Courts have only limited jurisdiction regarding the handling and denials of applications for naturalization. Once an application for naturalization has been filed with the Attorney General, the Attorney General designates employees "to conduct examinations upon applications for naturalization," and make determinations "as to whether the application should be granted or denied." 8 U.S.C. § 1446(b) and (d). If the employee fails to make a determination within 120 days after the examination, "the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [BCIS] to determine the matter." 8 U.S.C § 1447(b). If the examiner denies the application, "the applicant may request a hearing before an immigration officer." 8 U.S.C. § 1447(a). If the application is denied after this hearing, an applicant may request a District Court to review the denial of the naturalization application. 8 U.S.C. § 1421(c). Section 1421(c) provides that "[a] person whose application for naturalization under this subchapter is *denied, after a hearing* before an immigration officer under section 1447(a) of this Title, *may seek review* of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5." 8 U.S.C. § 1421(c) (emphasis added).

In the instant case, however, there is no evidence that Kim ever applied for an application for naturalization, or that such an application was ever denied by an immigration officer. Accordingly, there is nothing for this Court to review in this case and the Court does not have jurisdiction to address Plaintiff's arguments. *See Aparicio v. Blakeway*, 302 F.3d 437, 446 (5th Cir. 2002) (holding that claims of applicants for naturalization were whose applications had not been

denied were not ripe for judicial review).  Because the District Court does not have jurisdiction to

grant Plaintiff citizenship as of 1993 and because there is no evidence that Plaintiff ever filed an

application for naturalization in this case, the District Court does not have jurisdiction to review

Plaintiff's claims in this case. Accordingly, Defendant's Motion for Summary Judgment should be

granted in its entirety.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned RECOMMENDS that the District Court GRANT

Defendant's Motion for Summary Judgment  (No. 22) and dismiss all of Plaintiff's claims in this case.

IT IS FURTHER RECOMMENDED that the District Court DENY Kim's Motion to Grant U.S.

Citizenship (No. 23) and Motion for a Hearing (No. 5).  Finally, the Court RECOMMENDS that the

District Court once again ORDER that Kim is barred from filing any future civil actions in any federal

court without first seeking leave of the Court in which he wishes to file the action.[4]

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing

objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. *See*

*Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

contained in this Report within ten (10) days after the party is served with a copy of the Report shall

bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

---

[4]*See* document No. 42 in 07-CV-224 LY.

District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th  day of January, 2008.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE