박용진 목사-2

**FILED**

Friday, April 20, 2012

2012 APR 24  PM 3: 09

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

United States District Court for the Westen District of Texas at Austin Divison

BY_____
DEPUTY

Plainitiff Dr. John Koo-hyun Kim's respectful requests of correction of ORDER signed by Honorable Judge Walter S. Smith Jr. whose court suggested by Deputy Clerk **Cheral** Chamber's Phone No. (254) 750-1519 at Waco Divison on April 16, 2012 that Kim should file his request at Austin Divison

# How to keep America's great courts perfec in the

United States District Court

Western Ditrict of Texas

Waco Divison, Austin Division and El Paso Divison

ORDER signed by Judge Walter S. Smith JR.

On March 31st, 2008

| | |
|---|---|
| Dr. John Koo-hyun Kim ) | |
| American doctor of philosophy ) | |
| Sejun Kim's father ) | |
| Plaintiff ) | |
| 12345 Lamplight Village Ave. # 322 ) | |
| Austin TX 78758 ) | Cuase No. A-07-CA-224-Lee Yeakel |
| v ) | |
| **Suk-bum Park** ( instead of Jung-keun Kim, ) | |
| In-soo Cho Korean) as new Consulate General) | |
| (Instead of Tae-sik Lee), **Young-jin Choi** as ) | |
| new Korean Ambassador to Washington DC ) | |
| United States Attorney General **John D.** ) | |
| **Ashcroft, Eric Holder, Janet Napolitano** ) | |
| **Hillary  Rodham Clinton** ) | |
| Respondents ) | |

박용진 목사-2

2

**Attention: Honorable Judge Walter S. Smith JR. and Cheryl**


**Dr. Kim's Repeated Correction Requests**


**U.S. District Honorable Judge Walter S. Smith, Jr.**

800 Franklin Ave., Waco, TX 76701
Chambers Phone No. (254) 750-1519     at 10:00 a.m. this morning on April
13, 2012 chamber clerk said to Dr. Kim that she worked for 27 years there
and asked me to file my notice appeal but time to file notice appeal has
passed. I replied to her we the people do not appeal based on judicial fraud.
She hung upon me.


Later Cheryl gave me a call after I left my message for her.


Judical fraud,

Manifest error and vioalitons of law and

Factual fraud in the ORDER

Signed by Honorable Judge Walter S. Smith Jr.

On March 31, 2008  (the ORDER enclosed herein )

Merits of Kim's relief request

And Manifest errors and violations of law and factual fraud

Page 2 line 16

And

Page 3 line 5 of ORDER signed by Judge Walter S Smith Jr

On March 31, 2008

박용진 목사-2                                                                                    *3*

## United States District Court Western Ditrict of Texas Austin Division

Dr. John Koo-hyun Kim                                  )
American doctor of philosophy                          )
Sejun Kim's father                                     )
Plaintiff                                              )
12345 Lamplight Village Ave. # 322                     )
Austin TX 78758                                        )   Cuase No. A-07-CA-224-Lee Yeakel
V                                                      )
Suk-bum Park, Jung-keun Kim,                           )
In-soo Cho Korean Consulate Generals                   )
Tae-sik Lee, Young-jin Choi Korean                     )
Ambassadors  to Washington DC                          )
United States Attorney General John D.                 )
 Ashcroft, Eric Holder, Janet Napolitano               )
Hillary Clinton, John K. Dietz                         )
Lora J. Livingston                                     )
Blake A. Hawthorne                                     )
                                                           ORDER *proposed by plaintiff*

Based on all of court orders and documents supporting Plaintiff's motion filed to the Court,

1. It is ordered that all of removal proceedings of Sejun Kim A 091 272 367 in 1995 and 1996 by Dallas INS are cancelled and vacated.

2. It is ordered that all of removal proceedings of Sejun Kim A 075 887 588 Texas citizen from and  by Texas El Paso INS  in 1999 and 2000 and from and by Texas San Antonio INS in 2000 and 2001 are cancelled and vacated so that Sejun Kim may come back to his parents in Austin Texas.

3.  It is ordered that the declaration of Dr. John Koo-hyun Kim as a vexatios litigant is cancelled and vacated.

Signed _____, April, 2012

                                        _____
                                        Presiding Judge
                                        United States District Judge



박용진 목사-2

## Table of Contents

Contents                                                          Page

Proposed ORDER by John Koo-hyun Kim ........................................ 4

American citizenship of Sejun Kim's parents ................................5-6

1. Removal alien is an alien terrorist ...................................23, 24
2. Kidnapping of SEjun Kim to jails and to INS Court and to South Korea .......42
3. Order of community supervision at his parents' home in Denton TX...25-28, 44-45
4. Order of community Supervison at his parents' home in Austin TX   ....46, 138-139, 140
5. Order declaring that Sejun Kim is not an aggravated felon on 7-15-1999...80
6. Order declaring that Sejun Kim is not an aggravated felon on 12-09-1999........................................................................79
7. Order for INS to show cause by 2-05-2000  ........................ 29, 30, 31
8. Order for INS to stay removal proceedings 2-16-2000.........32-34
9. Order to stop impsonment and order to cancel removal proceedings 8-16-2001 ............................................36-39
10. Order to stay removal proceedings 11-13-2001  ...................40-41
11. Evidence of kidnapping to South Korea .......................................42
12. Letter from Korean Minister (Han seung-soo) of Foreign Affairs and Commerce proving that United States threatened South Korea with retaliatory action from US INS to all of Korean people ..............163-164
13. ORDER dated 2-08-2002 No more community supervision. He is discharged from community supervision on and since 2-08-2002 .................43
14. South Korean police and South Korean Inchon Airport Distrcit government attorney decided that my son had no record of Korean law violation. ....168
15.
    If you need any of other documents, let me know I will mail all of them to you.

Alll of you of this court and respondents had already received all of these orders and other documents from me John Kim.

39

# THE UNITED STATES OF AMERICA

| | |
|---|---|
| | **NOTICE DATE**<br>December 14, 2011 |
| Request for Applicant to Appear for Naturalization Initial Interview | **USCIS A#**<br>A 075 887 591 |

| CASE TYPE | | | PAGE |
|---|---|---|---|
| N400    Application For Naturalization | | | 1 of 1 |

| APPLICATION NUMBER | RECEIVED DATE | PRIORITY DATE |
|---|---|---|
| NBC*001983839 | August 02, 2011 | August 02, 2011 |

**APPLICANT NAME AND MAILING ADDRESS**

KOO HYUN KIM
# 322
12345 LAMPLIGHT VILLAGE AVE
AUSTIN TX 78758

**Please come to:**
USCIS SAN ANTONIO
8940 FOURWINDS DRIVE
ROOM 3060B
SAN ANTONIO TX 78239

**On (Date):** Monday, January 23, 2012
**At (Time):** 03:30 PM

ʰᵘⁿˡᵘⁿˡˡˡˡˡˡ

You are hereby notified to appear for an interview on your Application for Naturalization at the date, time, and place indicated above. **Waiting room capacity is limited. Please do not arrive any earlier than 30 minutes before your scheduled appointment time.** The proceeding will take about two hours. If for any reason you cannot keep this appointment, return this letter immediately to the USCIS office address listed below with your explanation and a request for a new appointment; otherwise, no further action will be taken on your application.

If you are applying for citizenship for yourself, you will be tested on your knowledge of the government and history of the United States. You will also be tested on reading, writing, and speaking English, unless on the day you filed your application, you have been living in the United States for a total of at least 20 years as a lawful permanent resident and are over 50 years old, or you have been living in the United States for a total of 15 years as a lawful permanent resident and are over 55 years old, or unless you have a medically determinable disability (you must have filed form N648 Medical Certification for Disability Exception, with your N400 Application for Naturalization).

**You MUST BRING the following with you to the interview:**

- This letter.
- Your Alien Registration Card (green card).
- Any evidence of Selective Service Registration.
- Your passport and/or any other documents you used in connection with any entries into the United States.
- Those items noted below which are applicable to you:

If applying for NATURALIZATION AS THE SPOUSE of a United States Citizen;

- Your marriage certificate.
- Proof of death or divorce for each prior marriage of yourself or spouse.
- Your spouse's birth or naturalization certificate or certificate of citizenship.

If applying for NATURALIZATION as a member of the United States Armed Forces;

- Your discharge certificate, or form DD 214.

If copies of a document were submitted as evidence with your N400 application, the originals of those documents should be brought to the interview.

**PLEASE keep this appointment, even if you do not have all the items indicated above.**

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

USCIS has a free booklet to help you study for the naturalization test. Ask about 'Learn About the United States: Quick Civics Lessons' when you go to have your fingerprints taken at the Application Support Center.

**USCIS Office Address:**

U.S. CITIZENSHIP AND IMMIGRATION SERVICES
8940 FOURWINDS DRIVE
SAN ANTONIO TX 78239-

**USCIS Customer Service Number:**
(800) 375-5283

APPLICANT COPY



Form I-797C (Rev. 12/28/09) Y

Immigration and Naturalization Service



## THE UNITED STATES OF AMERICA

| | |
|---|---|
| Receipt | **NOTICE DATE** November 22, 2002 |
| **CASE TYPE** N400    Application For Naturalization | **INS A#** A 075 887 590 |
| **APPLICATION NUMBER** SSC*000543817 | **RECEIVED DATE** November 15, 2002 | **PRIORITY DATE** November 15, 2002 | **PAGE** 1 of 1 |

**APPLICANT NAME AND MAILING ADDRESS**

OK SUN KIM
# 4
613 FALLMEADOW
DENTON TX 76207

**PAYMENT INFORMATION:**

| | |
|---|---|
| Single Application Fee: | $310.00 |
| Total Amount Received: | $310.00 |
| Total Balance Due: | $0.00 |

The above application has been received by our office and is in process. Our records indicate your personal information is as follows:

Date of Birth:          December 25, 1953
Address Where You Live:   613 FALLMEADOW # 4
                          DENTON TX 76207

Please verify your personal information listed above and immediately notify our office at the address or phone number listed below if there are any changes.

You will be notified of the date and place of your interview when you have been scheduled by the local INS office.  You should expect to be notified within 540 days of this notice.

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

If you have other questions about possible immigration benefits and services, filing information, or INS forms, please call the INS National Customer Service Center (NCSC) at **1-800-375-5283**.  If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**.

If you have access to the Internet, you can also visit INS at **www.ins.usdoj.gov**.  Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits.  At present, this site does not provide case status information.

**INS Office Address:**
US IMMIGRATION AND NATURALIZATION SERVICE
P. O. BOX 851488
MESQUITE TX 78185-

**INS Customer Service Number:**
(214) 381-1423

APPLICANT COPY

SSC$000529697

Form I-797C (Rev. 09/07/93) N

박용진 목사-2

7

Chief United States District Judge

ORDER page 1

Lines 1-2. This action started on April 20, 1988 twenty four years ago formn today, in the immigration office at Dallas Texas (actually Arlingotn Texas by that time) not in state court in Travis County as a result of myson's kidnapping from Texas El Paso County Court chamber on June 15, 1999 kidnapepd into jail for 9 months until March 16, 2000 by United States Assistant Attorney / El Paso INS District Assistant Director **Stephen M. Ruhle** , **Guadalupe R. Gonzalez** , **Jose J. Tavarez**, **Nelda C. Reyna** who kidnapped my son A 091 272 367 (1988-1996) / A 075 887 588 (1996-current ) Texas citizen, American permanent resident and Amercan national. INS kidnaped my son to jail for 9 months  due to **Stephen M. Ruhle** , **Guadalupe R. Gonzalez** , **Jose J. Tavarez**, **Nelda C. Reyna**'s false charge of my son as an alien aggravated felon like a an alien terrorist.

Lines 2,3,4. 5. On June 15, 1999, Texas El Paso County Court judge placed my son in the community supervision for 8 years with me his father Dr. John Koo-hyun Kim and with my wife his mother Mrs. Kim in his parents' home in Denton Texas. But dangerous and incapable American lawyers **All of Steophen  M. Ruhle** , **Guadalupe R. Gonzalez** , **Jose J. Tavarez**, **Nelda C. Reyna**  American lawyers of United States Department of Justice, like American enemies,  did not know what it means by community supervision of Texas citizen my son in my home in Denton Texas since and on June 15, 1999. Four INS attorneys kidnapped my son Texas citizen, without a jail or detention sentence from a court of law into jail for 9 months of kidnapping and huaman rights violations in order to kidnap my son from his parents in Denton Texas to South Korea even though my son had no place to stay in for his food or shelter in South Korea. My son cannot talk or write or read Korean language. He came to America in 1981 and he lived here for 20 years in 2001. We applied for legalization on April 20, 1988 when INS approved all of my family members. Then all of us my family members should have become American citizens by April 20, 1993 if INS had not wronged our legalization by Dallas INS.

박용진 목사-2                                                                 

Lines 6-7. Judge Honorable **Andrew W. Austin**  like American enemies, violated open court rule and secretly, behind closed doors, recommended that the United Sttes motion to dismiss Kim's amended complaint of **Steophen  M. Ruhle** , **Guadalupe R. Gonzalez** , **Jose J. Tavarez**, **Nelda C. Reyna's kidnapping of my son and Gregory James Ball's kidnapping of my son from Travis County to jails for another 16 months and kidnapping of my son from Texas to South Korea** since 12-13-2001 up until today April 16, 2012  **to jail for 25 months** be granted.  Judge Andrew Austin must be impeached but American immigration system is broken, accoding to President Barack Obama.


Lines 10-11. "Judge Lee Yeakel ultimately dismissed the case as **frivolous** and **enjoined** Kim from filing any further suits in any federal court without first obtaining leave." But this case is not frivolous but has great merits below:

1. Judge Lee Yeakel also violated open court rule and secretly behind closed doors and killed democracies of this case.
2. American lawyers' kidnapping of my son to jails for 25 months is not frivolous but it is undeniable facts. America's kidnapping of my son fropm Texas to South Korea since and on December 13, 2001 up until today April 16, 2012 is not frivolous but is true and fact.
3. South Korean Government / Houston Korean Consulate General refused to issue my son's unnecessary and unwanted Korean travel certificate to Gregory James Ball until December 04, 2001.
4. United States Government threatened South Korean Government with retaliatory action from US INS to Korean Government if Korean Government had not issued it, US would not issue American visa to all of Korean people, according to the Minisiter of Korean Foreign Affairs and Commerce on February 15, 2002.

Page 2 of ORDER signed by Walter Smith Jr.

Lines 3-5  Relief sought

-29



박용진 목사-2

1. It is ordered that all of removal proceedings of Sejun Kim A 091 272 367 in 1995 and 1996 by Dallas INS are cancelled and vacated.
2. It is ordered that all of removal proceedings of Sejun Kim A 075 887 588 Texas citizen from and by Texas El Paso INS in 1999 and 2000 and from and by Texas San Antonio INS in 2000 and 2001 are cancelled and vacated so that Sejun Kim may come back to his parents in Austin Texas.   3. It is ordered that declaration of Dr. John Koo-hyun Kim is cancelled and vacated.

Line 8     The merit of this case

1. Texas El Paso County Court on June 15, 1999 placed Sejun Kim in the Community Supervision with his parents in his parents' home since and on June 15, 1999 and work faithfully. It is a judicial mandate of a Texas El Paso County Court. United States President cannot violate.
2. But United States Assistant Attorney **Stephen M. Ruhle** of El Paso INS kidnapped my son to jail for 9 months from El Paso County Court on and since June 15, 1999 due to his false charge of my son as if my son were an an alien aggravated felon.
3.  On July 15, 1999  United States Assistant Attorney **Stephen M. Ruhle** of El Paso INS kidnapped my son as an alien aggravated felon to El Paso Immigration Court of Judge **Gary Burkholder** who declared in the open court that my son was not an aggravated felon from which United States Assistant Attorney **Stephen M. Ruhle** of El Paso INS did not appeal.
4. United States Assistant Attorney **Stephen M. Ruhle in the El Paso Immigration Court** on July 15, 1999 failed to answer immigration Judge **Gary Burkholder's** two times questions about (1) wrongdoings / immigration service misconducts for 8 years of Sejun Kim's legalization by Dallas INS since 1988-1996, estoppels  (2) removal proceedings of Sejun Kim in 1995 and 1996 by Dallas INS whose district counsel Robert Burton had wronged Sejun Kim and my entire family members since and on April 20, 1988 up until today for 24 years.
5. Texas El Paso immigration Judge **Gary Burkholder on July 15, 1999 must have cancelled and vacated** United States Assistant Attorney **Stephen**

박용진 목사-2                                                                               10

**M. Ruhle's crazy, ridiculous removal / deportation proceedings in the immigration court on July 15, 1999.**

6. The broken El Paso Immgration court Judge **Gary Burkholder** openly denied estopple / government's wrongdoings for 8 years and applied 8 USC Section 1182 (a)(2) (A) (i) (ii) and (a)(2) (C) to my son Texas citizen and ordered to remove my son Texas citizen to South Korea, who received community supervision with me and my wife his parents in his parents' home in Denton Texas since June 15, 1999 after United States Assistant Attorney **Stephen M. Ruhle's crazy, ridiculous removal / deportation proceedings in the immigration court on July 15, 1999 even though Stephen M. Ruhle failed to reply to judge's questions two times.** Not only America's immigration system is broken but also **Stephen M. Ruhle's immigration court is broken.**

7. **I stood up from the audience bench and walked to my son who stood alone in the court room without attorney but in chain as a prisoner due to crazy America's immigration system. I got permission from judge and complained of unconstitutional removal order.**

8. Judge Burkholder wanted a recess and second session in which Judge Burkholder changed his mind and approved my son's appeal and reserved my son's timely appeal and did not make his removal order final on July 15, 1999.

9. Therefore there is no final remvoa order of my son as an alien aggravated felon on July 15, 1999 or any day in any court whatsoever.

10. But crazy, broken El Paso Immigration office of United States Assistant Attorney **Stephen M. Ruhle must have released my son on July 15, 1999 since Immigration Court Judge declared in the open court room that my son was not an aggravated felon. An aggravated felon means an alien terrorist.**

11. A removal alien is an alien terrorist, according to American immigration law. Immigration judge **Gary Burkholder** manifestly and oepenly declared that my son was not an alien terrorist fromn which **Stephen M. Ruhle did not appeal.**

박용진 목사-2                                                                                //

12. But **Stephen M. Ruhle kidnapped my son to jail for 9 months as an aggravated felon until March 16, 2000.**

13. On December 09, 1999 Board of Immigration appeals also decided that my son was not an aggravated felon.

14. But crazy, evil, wicked and incapable United States Assistant Attorney **Stephen M. Ruhle of United States Department of Justice continued kidnapping of my son to jail for 9 months until March 16, 2000.**

15. On January 05, 2000 United States District Court for the Western District of Texas El Paso Division of Judge **David Briones** ordered INS of **Stephen M. Ruhle to respond to the court and to my son** within 30 days of habeas corpus petition within 3 days or no later than twenty days (20), but thrity days were given.

16. **Stephen M. Ruhle to respond to the court and to my son** within 30 days failed and did not reply

17. On February 16, 2000 Judge **David Briones** stayed all of removal proceedings.

18. March 16, 2000 **Stephen M. Ruhle of INS released my son and came home in Denton Texas, ending kidnapping of my son to jail for 9 months as an alien aggravated felon like an alien terrorist due to false charge by Stephen M. Ruhle**

19. August 16, 2000 Texas San Antonio INS of District Counsel **Gregory james Ball** kidnapped my son into jail again as an aggravated felon due to **Stephen M. Ruhle's faked and frivolous and distorted removal proceedings started by Stephen M. Ruhle's faked warrant of faked removal and faked deportation proceedings on June 15, 1999.**

20. My son walked in and reported his new mailing address chaned from Denton Texas to Austin Texas for his college transfer. He reported it to San Antono INS on August 16, 2000.

21. District Counsel / United States Assistant Attorney / Texas Lawyer **Gregory James Ball, District Director Kenneth L. Pasquarell, Assistant District Director Altagracia Winfrey, Deportation officer Dorohty Niles of Txeas San Antonio INS kidnapped my son to jails in Texas for another 16 months until December 13, 2001 and threatened South**

박용진 목사-2

/2

**Korean Government and kidnaped my son Texas citizen to South Korea**
**as an alien aggravated felon due to their false charge  until today April**
**16, 2012 as international kidnapping of my son from Texas Travis**
**County to South Korea**

22.   On August 16, 2001 United States Court of Appeals for the Fifth Circuit
granted my son's motion of Case # 00-50688 to stop **Gregory James**
**Ball's** kidnapping of my son into jail for another 16 months and cancel
Grgeory James Ball's kidnapping proceeding of my son to South Korea.

23.  On November 13, 2001, Judge **David Briones**  stayed all of removal
proceedings again and ordered the INS to show cause on or before
December 03, 2001.

24. INS on December 03, 04, 05, 06, 07, 08, 09, 10, 11, 12, 13, 2001 violated
judicial mandate dated November 13, 2001 signed by Judge David
Briones.

25. Then On December 03, 2001 Judge David Briones must have granted my
son's motion for writ of habeas corpus.   Texas San Antonio INS of
**Gregory James Ball** must have released my son. But **Gregory James Ball**
continued his kidnapping of my son into jail in Karnes City Texas.  The
court must have brought my son in the court for a trial.  Both the INS
and the court of Judge David Briones were broken.
The US INS headquater in Washington DC,  **Lisa Hoechst also violated**
**judicial mandate signed by Judge David Briones on November 13, 2001.**
**She wrote her letter full of fraud to Korean Consul who refused to**
**issue my son's unnecessary and unwanted Korean Travel certificate.**

26.

**Lisa Hoechst**

**Active Chief of Liaison and Consular Affairs**

**Removal Operations**

U. S. Department of Justice

Immigration and Naturalization Service

801 I Street Suite 800

Washington DC 20536       November 27, 2001

박용진 목사-2                                                                            *13*

Mr. Shon Gun Boo
Consulate of Korea
1990 Pos6 Oak # 1250
Houston TX 77056

Dear Sir:

Should you have questions, please contact me. I can be reached at (202)353-8563. The United States as a matter of international law has the right to determine who and who may not remain within its borders. The Immigration and Naturalization Service (INS) has been granted authority by Congress to control the borders of the United States and to determine who has the right to remain in this country.

The INS made a determination with laws as set forth by Congress that Sejun Kim A 075 887 588 appeared to be amenable to removal from the United States. As a result, he was placed in removal proceedings and ultimately ordered removed by an immigration judge. Several appeals were filed on Mr. Kim's behalf, however, the basis of removal order was upheld.

Mr. Kim is now a final order and despite any actions he claims to have pending with the courts, he is still a final order of removal in accordance with the law. Based on discussions with the Korean Embassy in Washington, D. C. there is no doubt as to Mr. Kim's nationality. As a natio0nal of Korea, it is imperative that you immediately issue a travel document to the INS in order that Mr. Kim's order of removal is effected immediately.

Should you have questions, please contact me. I can be reached at (202)353-8563.

Sincerely,

Lisa Hoechst
Active Chief of Liaison and Consular Affairs
Removal Operations

Mr. Shon Gun Boo
Consulate of Korea
1990 Pos6 Oak # 1250
Houston TX 77056

*13*

박용진 목사-2

Dear Sir:

*The United States as a matter of international law has the right to determine who and who may not remain within its borders.*

"*as a matter of international law* " is a title alone which has no legal force.

International law must have specific law. There is no international law to allow United States to kidnap my son to jail for 25 months and kidnap my son to South Korea.

*The Immigration and Naturalization Service (INS) has been granted authority by Congress to control the borders of the United States and to determine who has the right to remain in this country.*

United States law said that Removal alien is an alien terrorist, an alien aggravated felon. Immigration Judge on July 15, 1999 and BIA on December 09, 1999 manifestly declared that my son was not an aggravated felon.

But crazy, evil and broken INS of Steophen M. Ruhle and Gregory James Ball and John D. Ashcroft kidnapped my son to jail for 25 months into jails as an aggravated felon like an alien terrorist.

*The INS made a determination with laws as set forth by Congress that Sejun Kim A 075 887 588 appeared to be amenable to removal from the United States.*

Read merits of No. 1 through No 25.   American law says that a removal alien is an alien terrorist.

*As a result, he was placed in removal proceedings and ultimately ordered removed by an immigration judge.*

Stephen M. Ruhle on June 15, 1999 kidnapped my son to jail and kidnaped to Immigration Court on July 15, 1999.

박용진 목사-2

*Several appeals were filed on Mr. Kim's behalf, however, the basis of removal order was upheld.*

There is no removal order of my son as an aggravated felon. **Lisa Hoechst** failed to provide such a final removal order.

**Lisa Hoechst walked in the Korean Embassy in Washington DC and demanded my son's Korean travel certificate and others.**

**Korean Embassy refused to issue my son's**

Korean Cosulate also refused to issue it to US INS until December 04, 2001.

*Mr. Kim is now a final order and despite any actions he claims to have pending with the courts, he is still a final order of removal in accordance with the law. Based on discussions with the Korean Embassy in Washington, D. C. there is no doubt as to Mr. Kim's nationality. As a national of Korea, it is imperative that you immediately issue a travel document to the INS in order that Mr. Kim's order of removal is effected immediately.*

This is fraud and has no document to support Lisa Hoechst.

*Should you have questions, please contact me. I can be reached at (202)353-8563.*

I contacted Lisa Hoechst several times. She never responded to me.

Sincerely,

Lisa Hoechst
Active Chief of Liaison and Consular Affairs
Removal Operations

At night December 03, 2001 I called the Court of Judge David Briones. The Court answere that INS did not respond and my son will be released.

I called my son and I cried when I told my sonL, "we won and you shall come home again."

But United States threatened South Korean Government with retaliatory action from US INS to all of Korean people that US would not issue American visa to all of Korean people if South Korea would not issue it to US INS and would not accept my son as an alien aggravated felon.

On December 05, 2001 South Korean Minister of Foreign Affairs and Commerce **Han Seung-soo** violated all of Americcan laws and Korean laws and American Court orders and international laws and secretly behind closed doors like Korean enemsies issued it to US INS and helped US INS of John D. **Ashcroft** kidnap my son from Texas Travis County to South Korea since and on December 13, 2001 up until today April 16, 2012

Certificate of service on April 16, 2012

## Democratrize America's broken and crazy foreign policy to Korea

Correct and rectify America's broken and crazy kidnapping of my son Texas citizen from Texas Travis County to South Korea since and on December 13, 2001 up until today April 16, 2012

President Barack Obama
President Lee Myung-bak of South Korea
Korean Ambassador Young-jin Choi
Korean Consulate General Suk-bum Park
Eric Holder, US Attorney General
Janet Napolitano, US Secretary of Homeland Security
Hillary Clinton US State Secretary

Dr. John Koo-hyun Kim, Ph. D.
American doctor of philosophy
American professor of American Government and American democracy
At Austin Community College in 2006
12345 Lamlight Village Ave. Apt # 322   Austin TX 78758   Tel (512) 740- 8384

박용진 목사-2

Documents supporting Plainitff Kim's proposed ORDER

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

### AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN KOO-HYUN KIM<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CAUSE NO. A-07-CA-224-LY |
| JUNG-KEUN KIM, KOREAN<br>CONSULATE GENERAL; TAE-SIK<br>LEE, KOREAN AMBASSADOR;<br>AND UNITED STATES OF<br>AMERICA<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## O R D E R

Plaintiff John Koo Hyun Kim ("Plaintiff") initiated this action in state court in
Travis County as a result of his son's allegedly illegal deportation. Defendant United
States of America ("United States") removed the case to the United States District
Court for the Western District of Texas, Austin Division, where the case was
assigned to the Honorable Judge Yeakel. Judge Yeakel referred the case to
Magistrate Judge Andrew W. Austin. Judge Austin recommended that the United
States motion to dismiss Plaintiff's amended complaint be granted.  Plaintiff then
filed a motion "to impeach or remove Judge Andrew W. Austin from the bench of my
federal court," which Judge Yeakel construed as objections to the Magistrate Judge's
Report and Recomendation.  Judge Yeakel ultimately dismissed the case as
frivolous and enjoined Plaintiff from filing any further suits in any federal court without



first obtaining leave.  Judge Yeakel additionally denied Plaintiff's request to recuse

Judge Austin.  Plaintiff then filed a document that appeared to "oppose" the orders

of Judge Austin and Judge Yeakel.  The document did not clearly state the relief Kim

sought, but it was filed within the ten days allowed for filing a motion to alter or

amend a judgment.  Judge Yeakel liberally construed the document as a Rule 59(e)

Motion to Alter or Amend Judgment of Remand and reassigned the case to the

undersigned for consideration.  Having reviewed Kim's motion and the entire case

file, the Court is persuaded that the motion is without merit and should be denied.

A district court has considerable discretion in determining whether a case

should be reopened under Rule 59(e), striving to strike "the proper balance between

two competing imperatives: (1) finality, and (2) the need to render just decisions on

the basis of all the facts."  *Edward H. Bohlin Co., Inc. V. Banning Co., Inc.,* 6 F.3d

350, 355 (5th Cir. 1993).  "Reconsideration of a judgment after its entry is an

extraordinary remedy that should be used sparingly."  *Templet v. HydroChem, Inc.,*

367 F.3d 473, 479 (5th Cir. 2004).  A Rule 59(e) motion "'must clearly establish

either a manifest error of law or fact,or must present newly discovered evidence' and

'cannot be used to raise arguments which could, and should, have been made before

the judgment issued.'"  *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563,

567 (5th Cir. 2003), quoting *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863-64 (5th

*19*

Cir. 2003).  Relief is also appropriate under Rule 59(e) "when there has been an

intervening change in controlling law."  *Schiller*, 342 F.3d at 567.

    Kim requests a trial on all of the cases he has filed in the Austin Division.  Kim

has not, however, alleged a change in controlling law or new evidence.  His motion

can only survive if he can show a manifest error of law or fact.  He lists the following

grounds in support of his motion:

        1. Judge Yeakel and Judge Austin violated the U.S. Constitution, and

        2. Judge Yeakel and Judge Austin committed fraud.

    "The substantive requirements that define the contents of any motion are

found in Rule 7(b)(1) which requires that an application to the court for an order shall

be by motion which, unless made during a hearing, shall be in writing, shall state

with particularity the grounds therefor, and shall set forth the relief or order sought."

*Registration Control Systems, Inc. V. Compusystems, Inc.,* 922 F.2d 805, 807 (fed.

Cir. 1990).  Bare assertions, such as 'contrary to the law' are insufficient; reasonable

specification is required under particularity.  *Id.* at 808.  Kim's motion contains only

bare arguments that Judge Yeakel and Judge Austin acted contrary to the law.

Therefore, they are insufficient and do not provide the particularity required by Rule

7(b)(1).

    In short, Mr. Kim has presented nothing that would justify recusing Judge Lee

Yeakel or Judge Andrew W. Austin, and nothing that would justify reopening this

case.  Accordingly, it is

ORDERED that Plaintiff Kim's Rule 59(e) Motion is DENIED. It is further *1*

ORDERED that Plaintiff's Motion to Recuse the Honorable Judge Lee Yeakel and *2*

Judge Andrew W. Austin is DENIED.  It is further *3*

ORDERED that any motions not previously ruled upon by this Court are *4*

DENIED. *5*

SIGNED on this 31st day of March, 2008. *6*


_____ *7*
WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4

21

CODE OF CRIMINAL PROCEDURE

TITLE 1. CODE OF CRIMINAL PROCEDURE

CHAPTER 1. GENERAL PROVISIONS

Art. 1.01. SHORT TITLE.  This Act shall be known, and may be cited, as the "Code of Criminal Procedure".

Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.

Art. 1.02. EFFECTIVE DATE.  This Code shall take effect and be in force on and after January 1, 1966.  The procedure herein prescribed shall govern all criminal proceedings instituted after the effective date of this Act and all proceedings pending upon the effective date hereof insofar as are applicable.

Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.

Art. 1.03. OBJECTS OF THIS CODE.  This Code is intended to embrace rules applicable to the prevention and prosecution of offenses against the laws of this State, and to make the rules of procedure in respect to the prevention and punishment of offenses intelligible to the officers who are to act under them, and to all persons whose rights are to be affected by them.  It seeks:
    1. To adopt measures for preventing the commission of crime;
    2. To exclude the offender from all hope of escape;
    3. To insure a trial with as little delay as is consistent with the ends of justice;
    4. To bring to the investigation of each offense on the trial all the evidence tending to produce conviction or acquittal;
    5. To insure a fair and impartial trial;  and
    6. The certain execution of the sentence of the law when declared.

Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.

Art. 1.04. DUE COURSE OF LAW.  No citizen of this State shall be

deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.

Art. 1.05. RIGHTS OF ACCUSED.  In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury.  He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof.  He shall not be compelled to give evidence against himself.  He shall have the right of being heard by himself, or counsel, or both;  shall be confronted with the witnesses against him, and shall have compulsory process for obtaining witnesses in his favor.  No person shall be held to answer for a felony unless on indictment of a grand jury.

Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.

Art. 1.051. RIGHT TO REPRESENTATION BY COUNSEL.  (a)  A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding.  The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding.

(b) For the purposes of this article and Articles 26.04 and 26.05 of this code, "indigent" means a person who is not financially able to employ counsel.

(c) An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation.  Except as otherwise provided by this subsection, if an indigent defendant is entitled to and requests appointed counsel and if adversarial judicial proceedings have been initiated against the defendant, a court or the courts' designee authorized under Article 26.04 to appoint counsel for indigent defendants in the county shall appoint counsel as soon as possible, but not later than the end of the third working day after the date on

ings in the same manner as they apply to proceedings under that Act [50 U.S.C.A. § 1801 et seq.].

(c) Establishment of panel of special attorneys

The removal court shall provide for the designation of a panel of attorneys each of whom—

(1) has a security clearance which affords the attorney access to classified information, and

(2) has agreed to represent permanent resident aliens with respect to classified information under section 1534(e)(3) of this title in accordance with (and subject to the penalties under) this subchapter.

## HISTORICAL AND STATUTORY NOTES

**Revision Notes and Legislative Reports**

1996 Acts. Senate Report No. 104–179 and House Conference Report No. 104–518, see 1996 U.S. Code Cong. and Adm. News, p. 924.

**References in Text**

The Foreign Intelligence Surveillance Act of 1978 and Act referred to in subsecs. (a) and (b), is Pub.L. 95–511, Oct. 25, 1978, 92 Stat. 1783, as amended, which is classified principally to chapter 36 (section 1801 et seq.) of Title 50. War and National Defense. Section 103(a), (c) of such Act is classified to section 1803(a) and (c), respectively, of Title 50. For complete classification of this Act to the Code, see Short Title note set out under section 1801 of Title 50 and Tables.

**Amendments**

1996 Amendments. Subsec. (c). Pub.L. 104–208, § 354(a)(4), added subsec. (c).

**Effective Dates**

Effective Apr. 24, 1996, and applicable to all aliens without regard to date of entry or attempted entry into United States, see section 358 of Pub.L. 104–208, set out as a note under section 1182 of this title.

Section effective Apr. 24, 1996 and applicable to all aliens without regard to date of entry or attempted entry into United States, see section 401(f) of Pub.L. 104–132, set out as a note under section 1105a of this title.

**Severability of Provisions**

If any provision of Division C of Pub.L. 104–208 or the application of such provision to any person or circumstances is held to be unconstitutional, the remainder of Division C of Pub.L. 104–208 and the application of the provisions of Division C of Pub.L. 104–208 to any person or circumstance not to be affected thereby, see section 1(e) of Pub.L. 104–208, set out as a note under section 1101 of this title.

## LIBRARY REFERENCES

**American Digest System**

Aliens ⚖ 70.

**Encyclopedias**

C.J.S. Courts § 123.

**WESTLAW ELECTRONIC RESEARCH**

Courts cases: 106k[add key number]
See WEST'S, [ ... ]

In any case in which the Attorney General has classified information, that an alien is an alien terrorist, the Attorney General may seek removal of the alien under this subchapter by filing an application with the removal court that contains—

(A) the identity of the attorney in the Department of Justice making the application;

(B) a certification by the Attorney General or the Deputy Attorney General that the application satisfies the criteria and requirements of this section;

(C) the identity of the alien for whom authorization for the removal proceeding is sought; and

(D) a statement of the facts and circumstances relied on by the Department of Justice to establish probable cause that—

(i) the alien is an alien terrorist;

(ii) the alien is physically present in the United States; and

(iii) with respect to such alien, removal under subchapter II of this chapter would pose a risk to the national security of the United States.

## (2) Filing

An application under this section shall be submitted ex parte and in camera, and shall be filed under seal with the removal court.

## (b) Right to dismiss

The Attorney General may dismiss a removal action under this subchapter at any stage of the proceeding.

## (c) Consideration of application

### (1) Basis for decision

In determining whether to grant an application under this section, a single judge of the removal court may consider, ex parte and in camera, in addition to the information contained in the application—

(A) other information, including classified information,

## § 1533. Removal court procedure

### (a) Application

#### (1) In general

Exhibit 6

**g) Burden of proof**

In the hearing, it is the Government's burden to prove, by the preponderance of the evidence, that the alien is subject to removal because the alien is an alien terrorist.

**h) Rules of evidence**

The Federal Rules of Evidence shall not apply in a removal hearing.

**Determination of deportation**

At the time of issuing a decision as to whether the alien shall be removed, the judge shall prepare a written order containing a statement of facts found and conclusions of law. Any portion of the order that would reveal the substance or source of information received in camera and ex parte pursuant to subsection (e) of this section shall be made available to the alien or the public.

**Written order**

The judge, after considering the evidence on the record as a whole, finds that the Government has met its burden, the judge shall order the alien removed and detained pending removal from the United States. If the alien was released pending the removal hearing, the judge shall order the Attorney General to take the alien into custody.

**right to ancillary relief**

No time shall the judge consider or provide for relief from val based on—

(1) asylum under section 1158 of this title;

(2) by withholding of removal under section 1227(b)(3) of this title;

(3) cancellation of removal under section 1229b of this title;

(4) voluntary departure under section 1254a(e) of this title;

(5) adjustment of status under section 1255 of this title; or

(6) registry under section 1259 of this title.

original
references.

note below.

**Ch. 12   IMMIGRATION AND NATIONALITY**

**HISTORICAL AND STATUTORY NOTES**

**Revision Notes and Legislative Reports**

1996 Acts. Senate Report No. 104-179 and House Conference Report No. 104-518, see 1996 U.S. Code Cong. and Adm. News, p. 924.

**References in Text**

The Foreign Intelligence Surveillance Act of 1978 and such Act, referred to in subsec. (e)(1)(A), is Pub.L. 95-511, Oct. 25, 1978, 92 Stat. 1783, as amended, which is classified principally to chapter 36 (section 1801 et seq.) of Title 50, War and National Defense. Subsections (c), (e), (f), (g), and (h) of section 106 of that Act are classified to subsecs. (c), (e), (f), (g), and (h), respectively, of section 1806 of Title 50. For complete classification of this Act to the Code, see Short Title note set out under 1801 of Title 50 and Tables.

The Federal Rules of Evidence, referred to in subsec. (h), are set out in Title 28, Judiciary and Judicial Procedure.

Section 1254a(e) of this title, referred to in subsec. (k)(4) was in the original as a reference to "section 244(e)", meaning section 244(e) of that act June 27, 1952, which was classified to section 1254(e) of this title. Pub.L. 104-208, div. C, title III, § 308(b)(7), Sept. 30, 1996, 110 Stat. 3009-615, repealed section 244, and renumbered section 244a as section 244, which is classified to section 1254a of this title. For provisions relating to voluntary departure, see section 1229c of this title.

**Amendments**

1996 Amendments. Subsec. (e)(1)(A). Pub.L. 104-208, § 354(b)(1)(A), added provision relating to consent and to introduction in open session.

Subsec. (e)(3)(D)(ii). Pub.L. 104-208, § 354(a)(1)(A), added provision relating to electronic surveillance and fruits of electronic surveillance and substituted reference to 50 USCA § 1801 et seq. for reference to 50 USCA § 1806(c) and (e) to (h).

Subsec. (e)(3)(A). Pub.L. 104-208, § 354(b)(1)(B), added provisions relating to informing of evidence or its sources and to introduction in open session.

Subsec. (e)(3)(D)(ii). Pub.L. 104-208, § 354(a)(1)(ii), added provision relating to findings under cl. (iii).

Subsec. (e)(3)(D)(iii). Pub.L. 104-208, § 354(a)(1)(B), added cl. (iii).

Sub—      ^(7)(3)(E). (F). Pub.L. 104-208,
§ 35                      added subpars. (E) and (F).

**Subsec.** (i). Pub.L. 104-208, § 354(b)(2), added provisions relating to in camera and ex parte proceedings.

Subsec. (j). Pub.L. 104-208, § 354(b)(3), added provision relating to not making available certain portions of order.

Subsec. (k)(2). Pub.L. 104-208, § 308(b)(7)(B), substituted "by withholding of removal under section 1227(b)(3) of this title" for "withholding of deportation under section 1253(h) of this title".

Subsec. (i). Pub.L. 104-208, § 308(b)(8)(B). Subsec. (k)(3). Pub.L. 104-208, substituted "cancellation of removal under section 1229b" for "suspension of deportation under subsection (e) of section 1254".

Subsec. (k)(4) to (6). Pub.L. 104-208, § 357, added par. (4). Former pars. (4) and (5) were redesignated (5) and (6), respectively.

**Effective Dates**

1996 Acts. Amendment by section 308 of Div. C of Pub.L. 104-208 effective, with certain exceptions and subject to certain transitional rules, on the first day of the first month beginning more than 180 days after Sept. 30, 1996, see section 309 of Div. C of Pub.L. 104-208, set as a note under section 1101 of this title.

Amendment by section 357 of Div. C of Pub.L. 104-208 effective as if included in the enactment of Pub.L. 104-132, Title IV, Subtitle A, Pub.L. 104-132, Title IV, see section 358 of Div. C of Pub.L. 104-208, set out as a note under section 1182 of this title.

Section effective Apr. 24, 1996 and applicable to all aliens without regard to date of entry or attempted entry into United States, see section 401(f) of Pub.L. 104-132, set out as a note under section 1105a of this title.

**Severability of Provisions**

If any provision of Division C of Pub.L. 104-208 or the application of such provision to any person or circumstances is held to be unconstitutional, the remainder of Division C and the application of the provisions of Pub.L. 104-208 and the application of the provisions of Division C of Pub.L. 104-208 to any person or circumstances is not to be affected thereby, see section 1(e) of Pub.L. 104-208, set out as a note under section 1101 of this title.

2., 1952, c. 477, Title V, § 504, as added Apr. 24, 1996, Pub.L. 104-208, Div. C, Title III, §§ 308(d)(7)(B), (8)(D), 354(a)(1), (2), (b), 357, Sept. 30, 1996, 110 Stat. 3009-623, 3009-624, 3009-641, 3009-642, 3009-643, 44.)

2. Title IV, § 401(a), 110 Stat. 1260, and amended Sept. 30, 1996, 10 Stat. 3009-623, 3009-624, 3009-641,

§ 35

*25*

Page 2
SEJUN KIM
990D01845

The Defendant has consented to deferred adjudication under the provisions of Article 42.12, Sec. 5(a), Texas Code of Criminal Procedure as amended, and the Court is of the opinion the best interest of society and the Defendant will be served by deferring further proceedings without entering an adjudication of guilt and placing this Defendant on Community Supervision.

Therefore, without entering a judgment of guilt at this time, the Court defers further proceedings and ORDERS that the Defendant, SEJUN KIM, be and is hereby placed on Community Supervision for a period of  EIGHT (8) YEARS  as provided by said Article 42.12, Sec. 5(a), Texas Code of Criminal Procedure, and pay a fine of  $1,000.00 , as amended under the terms and conditions set out in Exhibit "A" hereto attached.

JOSE J. BACA, Presiding Judge

6-22-99
Date Signed

STATE'S ATTORNEY, Approved as to Form

DEFENSE ATTORNEY, Approved as to Form



A TRUE COPY, I CERTIFY
EDIE RUBALCABA, District Clerk

By _____ DEPUTY

Defendant's Right
Thumb Impression:



4 -2

IN .. 2.. ... UDICIAL DISTRICT COURT
OF EL PASO COUNTY, TEXAS

THE STATE OF TEXAS

NO. 990 D01845

_ vS. _SeJun Kim

OFFENSE _Poss C/SPG 28-200 gra.
Rohypnol
[✓] Adjudication Deferred
[ ] State Jail Felon                    forged

TRN: _____

## TERMS AND CONDITIONS OF COMMUNITY SUPERVISION

On the __15__ day of __JUNE__, A.D., 19 __99__, you were placed on community
supervision for the period of (8) Eight years def on the following terms and conditions as checked below:

[ ]a.  Commit no offense against the laws of this state or of any other state (including municipal ordinances), or of the United States of America.

[ ]b.  Avoid injurious or vicious habits, to wit:
  [✓](1)  You shall not purchase, sell, consume, possess, or transport any alcoholic beverage, or any dangerous drug or controlled substance as set out in the laws of this state, except upon prescription of a person licensed to prescribe the same.
  [✓](2)  You shall not introduce into your body by any means any substance for the purpose of intoxication, including, but not limited to, glue, paint, paint thinner, gasoline, cement, lacquer, or commercial solvents.
  [✓](3)  You shall not enter into any package liquor store OR any establishment where any alcoholic beverage is served or sold for on premises consumption, except for the sole purpose of eating in a restaurant where alcoholic beverages are sold incidental to the restaurant business.

[✓]c.  Avoid persons or places of disreputable or harmful character; specifically, you shall avoid associating with all persons who are on community supervision or parole, except with permission of your Supervision Officer, or with any person while he is engaged in any unlawful activity whatsoever. You shall avoid associating with _____

[ ]d.  [✓](1)  Report to your assigned Supervision Officer as directed by the Judge or Supervision Officer and obey all rules and regulations of the Community Supervision and Corrections Department. Report to the offices of the West Texas Community Supervision and Corrections Department, El Paso, Texas, or its satellite offices as follows: Report at last once each month during their Regular business as Instructed. If your case is rejected you are + report to CSU Flor Benavidez, 800 E. Overland, El Paso TX 79901 Once a Month by Mail Until further order of this Court.
  Additionally, each and every time you report to the Supervision Officer or Community Supervision and Corrections Department you shall sign the Community Supervision and Corrections Department registry and wait for your assigned officer. If your assigned officer is not present, you will report to the Community Supervision and Corrections Department personnel assigned to interview you in your Supervision Officer's absence.
  [ ](2)  Report to _Flor Benavidez_ at 800 E. Overland #100, El Paso, Texas, within 72 hours for transfer instructions. Authority to reside in _Denton, Texas_ is contingent
                                                              (County, State)
  upon acceptance from the receiving County/State. If you are rejected, you must immediately return to El Paso, Texas, for reporting instructions.

[ ]e.  Permit the Supervision Officer to visit you at your home or elsewhere. your home X X     14

[ ]f.  Work faithfully at suitable employment as far as possible. You shall immediately and from time to time as it changes designate to your Supervision Officer in writing your place of employment. You shall not terminate your employment without the permission of your Supervision Officer. You shall notify your Supervision Officer immediately if you are laid off or terminated from your employment.

[ ]g.  [✓](1)  You shall submit to testing to determine your educational skill level, and if determined to be needed, you shall participate in an educational program as directed by your Supervision Officer.
  [✓](2)  You shall participate in the following educational or vocational training program, to wit: _____

The Court sent
my son to my            in Texas not in            6-15
home/his parents'       South Korea              -1999
Room

NO. *990D01895*

[ ]h. Remain within:
    [ ](1) El Paso County, Texas.
    [ ](2) *DENTON TEXAS*

    Further, in this connection:
    [ ](3) You shall immediately designate your current place of residence to your Supervision Officer;
    [ ](4) You shall NOT move therefrom without receiving the prior written permission of your Supervision Officer;
    [ ](5) You shall be subject to curfew and be within your place of residence, as previously designated, between the hours of _____ p.m. and _____ a.m. each and every day, unless suitably employed during those same hours.

[ ]i. Pay the following, in one or several sums, and make restitution in any sum that the court shall determine:
    [ ](1) Fine: $ *1000.00* payable by *$*
    [ ](2) Court Costs: ( ✓ ) $185.25 if paid immediately *186.25* or ( ) $210.25 if in payments
        ( ) Jury Fee $20.00                   ( ) $5.00 Jury Summons
    [ ](3) Supervision Fee of $40.00 per month:
    [ ](4) El Paso Crime Stoppers Program (not to exceed $50.00): *$ 2.00*
    [ ](5) Transcript fee _____ payable to _____
    [ ](6) $140.00 to DPS for Lab Analysis
    [ ](7) Sex offender supervision fee of $5.00 per month:
    [ ](8) Other: *Collect Monthly Fees*

[ ]j. Support your dependent(s) and/or if as a result of said offense your dependent(s) are being cared for by a government or private agency you shall pay a portion of your income for their care to that agency.

[ ]k. Work *600* hours at a community service project(s) for an organization(s) that is on a list approved by the Court which list is on file with the Court Clerk on this date. The actual project(s) to be worked will be designated by the Community Supervision and Corrections Department from time to time from said list(s) as it may be modified.

[ ]l. Reimburse the County in the amount of $_____ for compensation paid to court-appointed counsel, *Phill Hendrich* for defending you in this case, payable by *Public Defenders (Unknown at Time of Plea)*

[ ]m. Remain under custodial supervision in a community corrections facility, obey all rules and regulations of such facility, and pay a percentage of your income to the facility for room and board. You shall reside at the _____ and remain there until satisfactorily discharged from said program. You shall participate in all programs deemed appropriate, and shall neither voluntarily terminate participation in said programs nor voluntarily depart from the premises of said facility without the specific written permission of a duly authorized staff member of the facility.

[ ]n. Pay a percentage of your income to the victim(s) of the offense, if any, to compensate the victim(s) for any property damage, psychological expenses or medical expenses sustained by the victim(s) as a direct result of the commission of the offense, or for counseling and education relating to acquired immune deficiency syndrome made necessary by the offense: _____

[ ]o. Attend, participate fully, and successfully complete psychological and/or psychiatric treatment, or any other outpatient or inpatient mental health treatment, at the direction of the Supervision Officer and at your own expense, as follows: _____

[ ]p. Submit to period of detention in the El Paso County Detention Facility for a period of 180 days or any portion thereof at the Court's discretion. Submit to a period of detention of _____ days.

[ ]q. Submit to the following tests for alcohol or controlled substances, as directed by your Supervision Officer:
    [ ](1) Breath analysis
    [ ](2) Urinalysis

[ ]r. Alcohol and Drug Education/Treatment Program:
    [ ](1) Report immediately to a program licensed by the Texas Commission on Alcohol and Drug Abuse, register and pay the required tuition fee, and attend all classes of said programs to which you are assigned by your Supervision Officer.
        [ ](a) Alcohol Education/Traffic safety classes (DWI School).
        [ ](b) Drug Offender Education classes.
        [ ](c) Educational program for repeat offenders.
    [ ](2) Participate in the Treatment Alternatives to Incarceration Program (TAIP).
    [ ](3) Participate in Alcoholics Anonymous and Narcotics Anonymous as directed by your Supervision Officer.
    [ ](4) Participate in a medically-approved antabuse program, as prescribed by a licensed physician and as directed by your Supervision Officer.
    [ ](5) Submit to a period of confinement at a Substance Abuse Felony Punishment Facility (SAFPF), as per attached Supplement/Addendum to Community Supervision.

28   No. 990 001849

]s.   Submit to electronic monitoring.

]t.   You shall give your true and correct name when questioned by any law enforcement representative or Community Supervision and Corrections Department personnel.

]u.   If you return to El Paso County and/or the United States, you will immediately report to the Community Supervision and Corrections Department at 800 E. Overland, El Paso, Texas 79901, for further instructions.

]v.   You shall participate fully and attend the following treatment program as directed by your Supervision Officer and until successfully completed or otherwise ordered by the Court:
   [ ] 1.   Gang Program _____
   [ ] 2.   You Shall participate in the WTCSCD Intensive Supervision Sex Offender Program.
      ( )a.   You shall not supervise or participate in any program that includes as participants or recipient persons who are 17 years of age or younger and that regularly provides athletic, civic or cultural activities.
      ( )b.   You shall not go in, on, or within _____ feet of a premises where children commonly gather including a school, daycare facility, playground, public or private youth center, public swimming pool, or video arcade.
      ( )c.   You shall register or verify registration with the Sex Offender registration program.
   [ ] 3.   Submit a blood sample to the Department of Public Safety for the purpose of creating your DNA record.
   [ ] 4.   _____

]w.   Avoid all direct and indirect communication with the victim and maintain a minimum distance of _____ from the victim's residence, place of employment, or daycare or similar facility where a dependent child of the victim may be found.

]x.   You shall not operate a motor vehicle unless the vehicle is equipped with a device that uses a deep-lung breath analysis mechanism. You shall be responsible for the cost of obtaining and maintaining such mechanism.

]y.   You shall not possess or transport any type of firearm or prohibited weapon.

]z.   Transfer to any other jurisdiction is prohibited without the prior written permission of this court.

YOU ARE HEREBY ADVISED THAT UNDER THE LAWS OF THIS STATE, THE COURT HAS THE AUTHORITY AT ANY TIME DURING THE PERIOD OF YOUR COMMUNITY SUPERVISION TO ALTER OR MODIFY THE CONDITIONS OF YOUR COMMUNITY SUPERVISION. ANY VIOLATION OF THE CONDITIONS SET OUT ABOVE WHICH ARE MARKED COULD RESULT IN YOUR IMMEDIATE ARREST AND MAY RESULT IN REVOCATION OF YOUR COMMUNITY SUPERVISION.

Signed this the 15 day of JUNE A.D. 19 99

_____
PRESIDING JUDGE

I, the Defendant in the above styled and numbered cause, acknowledge receipt of these terms and conditions of Community Supervision and understand all terms and conditions and the same has been translated to me in the Spanish language, if necessary, and I fully understand the same.

_____
Defendant

Date   6-15-99

DOB:   10-27-79
SSN:   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   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
ADDRESS:   1013 Fall Meadow DENTON TX 76207

Distribution:
   1-Original District/County Clerk
   1-Copy to Defendant
   1-Copy W.T.C.S.C.D. (Case File)

ATTEST: EDIE RUBALCABA, CLERK
District Courts, El Paso County, Texas

By _____ DEPUTY

**FINGERPRINT ORIGINAL PAGE ONLY**

29

34

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

2000 JUL -5  A 10: 17

SEJUN KIM                                      §
                                               §
v.                                             §          EP-99-CA-422-DB
                                               §
S.M. RUHLE, Assistant District Counsel,        §
and INS DALLAS DISTRICT                        §
DIRECTOR                                       §

ORDER

On this day, the Court considered Petitioner Sejun Kim's Petition for Writ of

Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. §2241, in the above-captioned cause.

Preliminary examination of Petitioner's claims in support of his Petition indicates that summary

dismissal of this cause is not appropriate.

Accordingly, **IT IS HEREBY ORDERED** that copies of the Petition and this

Order be forwarded by the Clerk of the Court for service upon Respondents by certified mail as

directed by Petitioner.

**IT IS FURTHER ORDERED** that Respondents file an **Answer** within thirty

(30) days after receipt of this Order, and forward a copy of same to Petitioner.

A.      *Duty to Inform Court of Change of Address*

**IT IS FURTHER ORDERED** that Petitioner immediately notify the Clerk and

each Respondent's counsel in writing of any change in Petitioner's address. Petitioner shall

caption any such change of address advisory as "Notice to the Court of Change of Address" and

not include any motion or other matter in such notice. This notice shall contain only information

pertaining to the address change and the effective date of such change of address. Failure by

Exhibit 22

Petitioner to immediately notify the Clerk and each Respondent's counsel of any change in Petitioner's mailing address will be interpreted by the Court as a failure to prosecute and may result in the Court recommending the dismissal of Petitioner's Application.

    B.    *Duty to Respond within Eleven (11) Days to Motions*

    Petitioner is **HEREBY ADVISED** that Rule CV-7(f) of the Local Court Rules for the United States District Court for the Western District of Texas ("Local Rules") provides that a party opposing a motion must file a response to the motion within eleven (11) days after a copy of the motion is served upon that party.  A failure by that party to file such a timely response may be construed by the Court as a lack of opposition to the motion and result in the Court granting the motion.

    Petitioner is **FURTHER ADVISED** that, pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in a pleading or motion to which a responsive pleading is required are admitted when not denied in the responsive pleading.  Therefore, in the event Respondent files a motion which Petitioner opposes, Petitioner must file his response or opposition to the motion within eleven (11) days after a copy of the motion is served upon Petitioner.  A failure by Petitioner to timely respond to an opposing party's motion may result in the Court recommending that Petitioner's claims be dismissed for want of prosecution.

    C.    *Duty to Serve Opposing Counsel*

    Petitioner is **FURTHER ADVISED** that he is obligated under both the Federal Rules of Civil Procedure and the Local Rules to send to each Respondent or, after an attorney has made an appearance for a Respondent, each Respondent's counsel of record herein, a copy of all pleadings, motions or other documents he submits to the Clerk of the Court for filing.  The Court

Exhibit 23

will disregard any pleading, motion, or other document submitted for filing by Petitioner that

fails to contain a "certificate of service" stating the date and method (e.g., hand delivery, certified

mail or regular mail) by which Petitioner sent a copy of that pleading, motion or document to

each Respondent or each Respondent's counsel of record.  Once an attorney makes an

appearance on behalf of a Respondent, Petitioner must send a copy of any pleading, motion, or

document submitted for filing by Petitioner to that Respondent's attorney.

SIGNED this 5th day of January, 2000.

THE HONORABLE DAVID BRIONES
UNITED STATES DISTRICT JUDGE

3

Exhibit 24

RECEIVED

FEB 1 5 2000

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF T
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

SEJUN KIM                      )
                               )
        Petitioner,            )
                               )
v.                             )      No. EP-99-CA-422-DB
                               )
S.M. RUHLE, Assistant District )
Counsel, and INS DALLAS        )
DISTRICT DIRECTOR              )
                               )
                               )
        Respondents.           )
                               ORDER

        The Court, having considered the Respondent's Motion for

Extension of Time within which to file a response in the above-

entitled and numbered cause, is of the opinion that said motion

should be and is hereby GRANTED.

        Therefore, it is ORDERED that Respondent will submit a

response in the above-styled and numbered cause on or before

March 20, 2000.

        ENTERED THIS ___16TH___ day of ___FEB._____, 2000.

                            _____
                            HONORABLE DAVID BRIONES
                            UNITED STATES DISTRICT JUDGE

33

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

2000 FEB 16  A 10 20

                                                          DISTRICT

BY:____ KRIS____

SEJUN KIM                     §
                              §
v.                            §      EP-99-CA-422-DB
                              §
S.M. RUHLE, Assistant District §
Counsel, et al.               §

## ORDER

On this day, the Court considered Petitioner Sejun Kim's Emergency Motion for

Stay of Deportation ("Motion for Stay"), filed in the above-captioned cause on December 22,

1999.

Petitioner filed concurrently with his Motion for Stay, a Petition for Writ of

Habeas Corpus ("Petition") seeking relief from an Order of Removal issued against Petitioner by

an Immigration Judge and affirmed by the Board of Immigration Appeals.  Petitioner currently is

being held by the Immigration and Naturalization Service ("INS") in El Paso, Texas.

By Order entered January 5, 2000, the Court ordered that all Respondents in this

cause be served with a copy of the Petition, and that Respondents file an Answer to the Petition

within thirty days after receipt of the Petition.  On February 15, 2000, Respondent INS filed a

Motion for Extension of Time to File Answer, which the Court granted by Order entered

February 16, 2000.[1]

Through the instant Motion for Stay, Petitioner asks the Court to enjoin

Respondent INS from executing the Order of Removal pending resolution of the merits of the

68

---

[1] Through its Motion for Extension of Time to File Answer, the INS states that
"Petitioner will suffer no prejudice by the granting of this motion for extension of time as no
action will be taken by the Immigration and Naturalization Service to remove or deport Petitioner
from the United States pending the Court's ruling" on the merits.

Petition. After due consideration, the Court is of the opinion that Petitioner's Motion for Stay should be granted.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner Sejun Kim's Emergency Motion for Stay of Deportation is **GRANTED.**

IT IS FURTHER ORDERED that Respondent the Immigration and Naturalization Service, its agents and employees, and all persons acting in concert with Respondent, are **ENJOINED** from removing Petitioner Sejun Kim, File A75-887-588, from the United States until further order from the Court.

SIGNED this 16th day of February, 2000.

THE HONORABLE DAVID BRIONES
UNITED STATES DISTRICT JUDGE

U.S. Department of Justice

Immigration and Naturalization Service

**Order of Supervision**

File No: A75 887 588

Date: March 16, 2000

Name: Sejun KIM

On December 9, 1999 , you were ordered :
   (Date of final order)

☐ Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.

☒ Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

☒ That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

☒ That you do not travel outside _____ The Dallas, Texas District _____ for more than 48 hours without first
                                  (Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

☒ That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

☒ That you report in person on the 17th day of April, **2000** , at 10:00AM to the Detention and Deportation Office at:
8101 N. Stemmons FWY, Dallas, Texas 75247
unless you are granted written permission to report on another date.

☒ That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

☐ Other:

☐ See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____
(Signature of INS official)

Maragret Rahman
SDDO
(Print name and title of INS official)

---

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _English_ language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____
(Signature of INS official serving order)

X Sejun Kim
(Signature of alien)

3-16-00
(Date)

Form I-220B(Rev. 4/1/97)N



IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No 00-50688

U. S. COURT OF APPEALS
**F I L E D**
AUG 1 6 2001
CHARLES R. FULBRUGE III
CLERK

SEJUN KIM,

Petitioner-Appellant,

VERSUS

S.M. RUHLE,
Assistant District Counsel
and INS Dallas District Director,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Texas

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

BY THE COURT:

Petitioner's "Motion To Reopen To Stop Imprisonment and To Cancel Deportation Order from America," treated as a motion to reinstate the appeal, is GRANTED. This matter is REMANDED to the district court for further proceedings in light of *Calcano-Martinez v. INS*, 121 S. Ct. 2268 (2001), and *INS v. St. Cyr*, 121 S. Ct. 2271 (2001), and other applicable authorities. We express no view on how the district

court should rule on remand.  All other pending motions are DENIED without prejudice.

64—65 page error

00-50688

Mr Sejun Kim
Texas Department of Criminal Justice
Wackenhut Corrections Corp Central Texas
#3695
218 S Laredo Street
San Antonio, TX 78207

66

*United States Court of Appeals*

FIFTH CIRCUIT
OFFICE OF THE CLERK

CHARLES R. FULBRUGE III
CLERK

TEL. 504-589-6514
600 CAMP STREET.
NEW ORLEANS, LA 70130

August 16, 2001

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

        No. 00-50688 Kim v. Ruhle
          USDC No.  EP-99-CV-422-DB

Enclosed is an order entered in this case.


                    Sincerely,

                    CHARLES R. FULBRUGE III, Clerk

                    By:
                    Lisa Conrad, Deputy Clerk
                    504-589-6514 ITCM # 163

Mr Sejun Kim
Ms Nelda C Reyna
Mr William Putnicki, Clerk

MOT-2

*David Da's U)*
*2001-11-17*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

FILED
'01 NOV 13 AM 10: 22

CLERK, DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

SEJUN KIM                          §
                                   §
v.                                 §
                                   §          EP-99-CA-422-DB
                                   §
S.M. RUHLE, Assistant District     §
Counsel for the Immigration and    §
Naturalization Service, et al.     §

### ORDER

On this day, the Court considered Petitioner Sejun Kim's "Motion to Cancel Order of Deportation," filed in the above-captioned cause on October 1, 2001. The Court construes the Motion as a Motion to Reopen the 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus that Petitioner Sejun Kim filed on December 22, 1999.

This Court considered that motion and dismissed it for lack of subject matter jurisdiction by Order entered August 14, 2000. Petitioner appealed to the Fifth Circuit, which affirmed.



Since then, the Supreme Court has issued various new rulings regarding immigration matters, including *INS v. St. Cyr*, No. 00-767, 2001 WL 703922, 121 S. Ct. 2271 (June 25, 2001), where the Supreme Court held that the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (Apr. 24, 1996), and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009 (Sept. 30, 1996), did not wholly strip district courts of habeas corpus jurisdiction under certain circumstances. Subsequently, Petitioner filed in the Fifth Circuit a "Motion to Reopen to Stop Imprisonment and to Cancel Deportation Order from America," which the court of appeals treated a motion to reinstate appeal and granted by order entered August 16, 2001. The Fifth Circuit then remanded the case to this Court for further proceedings and issued the order as mandate on October 16, 2001.



*Davis ②*

After due consideration, the Court is of the opinion that the following orders should enter:

IT IS HEREBY ORDERED that Petitioner Sejun Kim's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, filed on December 22, 1999, is REINSTATED.

IT IS FURTHER ORDERED that on or before December 3, 2001, Respondent the Immigration and Naturalization Service SHOW CAUSE why the Court should not grant Petitioner Sejun Kim's Petition for Writ of Habeas Corpus

SIGNED this 13th day of November, 2001.

THE HONORABLE DAVID BRIONES
UNITED STATES DISTRICT JUDGE





## " SAN ANTONIO DETENTION & DEPORTATION "
### FACSIMILE TRANSMITTAL COVER SHEET

TRANSMITTED TO: CONSULATE OF SOUTH KOREA

ATTENTION: MR. SOHN

TELEPHONE No: 713-961-0186          FAX No: 713-961-3340

TRANSMITTED FROM: SAN ANTONIO DEPORTATIONS

### THOMAS R. FAIRCHILD
### DEPORTATION ASSISTANT

TELEPHONE No: (210) 967-7011    FAX No: (210) 967-7133

DATE:   12/13/2001 TOTAL PAGES (INCLUDING COVER) 2
### COMMENTS:

## HERE IS THE FLIGHT ITINERARY FOR SEJUN KIM'S DEPORTATION FROM THE UNITED STATES.

*Texas San Antonio
INS Kidnapped
my Son from
Texas to S. Korea
# 12-13-2001*

60

P.01

[X] IN THE __346th__ JUDICIAL DISTRICT COURT
[ ] IN THE COUNTY COURT-AT-LAW NO. _____
OF EL PASO COUNTY, TEXAS

| THE STATE OF TEXAS | U | NO. __990D01845__ |
| | O | |
| vs. | O | OFFENSE __Poss. C/S PG 28-200__ |
| | O | |
| __Sejun Kim__ | O | ~~grams Rohypnol~~ |

*No Rohypnol*
*error/mistake*
*→ see next page*

## ORDER DISCHARGING DEFENDANT FROM COMMUNITY SUPERVISION
## UNDER ARTICLE 42.12, SECTION 5 (a) DEFERRED ADJUDICATION T.C.C.P.

On the __15th__ day of __June__, A.D. 19 __99__, the Defendant in the above-entitled and numbered cause was placed on community supervision by this court under the provisions of Article 42.12, Section 5 (a) of the Texas Code of Criminal Procedure for a period of __Eight (8) years__ for the offense of __Poss. C/S PG 28-200 grams Rohypnol.__ Said Defendant has satisfactorily complied with all terms and conditions of said community supervision.

The court is of the opinion that the ends of justice have been served and the interests of the Defendant and of society will be best served by a discharge of defendant from further community supervision.

IT IS, THEREFORE, HEREBY ORDERED, ADJUDGED AND DECREED , that the proceedings entered against the Defendant in this case be hereby dismissed and the Defendant is discharged from community supervision.

Signed and entered this __8th__ day of __February__ 20 __02__

_____
JUDGE
Sam M. Paxson
Presiding
for Judge Jose J. Baca

Def Adj Disch (Felony/Misdemeanor)
WTCS&CD
August 1998

A TRUE COPY I CERTIFY

TOTAL P.01

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form:     **I-220B**

| Alien's Name | File Number | Date |
|---|---|---|
| Sejun KIM | A75 887 588 | March 16, 2000 |

*Sejun Kim*
*Alien's Signature*

**Alien's Address**

613 Fallmeadow #4  Denton, Texas  76207

RIGHT INDEX FR.

Alien's Telephone Number (if any)

940-566-6130

## PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| Subject will reside with his parents,  Koo-Hyun KIM and Ok-Sun KIM | | |
| 4/17/00 | Reported as required  Mendel | Next report date 5/17/00 |
| 5/17/00 | dt5/5/00 | Reported per o/s; file requested from epc;Next report date 06/17/00 |
| 6-17-00 | CB/006 | REPORTED AS REQUIRED. (214) 905-5872 |
| | | ASK FOR OFFICER POTTS |
| 7-17-00 | | REPORTED  AS  REQUIRED. WILL MOVE TO AUSTIN for school |
| | | APPROVED BY DOR NSP |
| 8-16-2000 | | He walked in and reported his new mailing address |

Signature
*[signature]*

Title

IPO

U.S. Department of Justice

Immigration and Naturalization Service

# Order of Supervision

File No: _A75 887 588_

Date: _March 16. 2000_

Name: _Sejun KIM_

On _December 9, 1999_____, you were ordered :
(Date of final order)

- [ ] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
- [X] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

☒ That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

☒ That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

☒ That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

☒ That you do not travel outside_____The Dallas, Texas District_____for more than 48 hours without first
(Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

☒ That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

☒ That you report in person on the 17th day of April, 2000 , at 10:00AM to the Detention and Deportation Office at:
8101 N. Stemmons FWY, Dallas, Texas 75247_____
unless you are granted written permission to report on another date.

That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

☐ Other:

☐ See attached sheet containing other specified conditions (Continue on separate sheet if required)

_Margret Rahman_
(Signature of INS official)

Margret Rahman
SDDO
(Print name and title of INS official)

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the _English_ language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____          X_Sejun Kim_          _3-16-00_
(Signature of INS officer serving order)     (Signature of alien)            (Date)

Form I-220B (Rev. 4/1/97) N

9

 **REQUEST FOR OFFICIAL TRANSCRIPT**

## NORTH CENTRAL TEXAS COLLEGE
1525 West California • Gainesville, TX 76240-4699 • 940-668-4222

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**TRANSCRIPTS ARE NOT ISSUED UNTIL ALL ACCOUNTS WITH THE COLLEGE ARE PAID.**

A STUDENT'S TRANSCRIPT INCLUDES ONLY THE ACADEMIC RECORD ACCUMULATED AT NORTH CENTRAL TEXAS COLLEGE.
OFFICIAL COPIES OF TRANSCRIPTS FROM OTHER INSTITUTIONS CANNOT BE FURNISHED.

**SOCIAL SECURITY NUMBER**

**TODAY'S DATE**

PLEASE PRINT:

FULL NAME: *Kim*          *Seun*

| LAST | FIRST | MIDDLE |

STREET ADDRESS: *2323 S. Lakeshore Blvd.*
*Bldg #18     Apt. 206*
*Austin      TX      78741*

| CITY | STATE | ZIP |

*august. 2000*

☐  PICK UP TRANSCRIPT AT:   (Identification & receipt required)
    ☐   GAINESVILLE CAMPUS
    ☐   DENTON CAMPUS
    ☐   LEWISVILLE CAMPUS

☐  HOLD FOR FALL GRADES
☐  HOLD FOR SPRING GRADES
☐  HOLD FOR SUMMER GRADES   *Summer II*
☐  HOLD FOR MINI-MESTER GRADES

**(PLEASE SPECIFY COURSE NUMBER & SEMESTER)**
☐  HOLD FOR GRADE CHANGE_____
☐  HOLD FOR I REMOVAL_____

☐  HOLD FOR DEGREE POSTING

Mail Transcript To: *Austin Community College*
*Riverside Campus*
*_____ T. ____ 78741*

*~ 8-2000*

distribution:   white - registrar's office      yellow - student

---

COMPLETE ALL AREAS BELOW TO
ENSURE PROPER IDENTIFICATION

Date of Birth:
*10-07-79*

Currently Enrolled at NCTC
YES  ☐      NO  ☐

Sem./Yr. First Enrolled at NCTC
*Sum I*

Sem./Yr. Last Enrolled at NCTC
*Sum II*

Other Names You May Have Used:
_____
_____
_____
_____

Number of Copies
*1*

Signature:
*Seun Tran*

**OFFICE USE ONLY:**

RECEIVED BY:       *60*

RECORDS ON HOLD WITH:
☐   REGISTRAR'S OFFICE
☐   BUSINESS OFFICE
☐   LIBRARY
☐   BOOKSTORE



MAIL

Wednesday, May 11, 2011 2:56 AM

Fixing what's broken

"Barack Obama" <info@barackobama.com>
"john kim" <johnkim200859@yahoo.com>

John --

I went to El Paso, Texas, today to lay out a plan to do something big: fix America's broken immigration system.

It's an issue that affects you, whether you live in a border town like El Paso or not. Our immigration system reflects how we define ourselves as Americans -- who we are, who we will be -- and continued inaction poses serious costs for everyone.

Those costs are human, felt by millions of people here and abroad who endure years of separation or deferred dreams -- and millions more hardworking families whose wages are depressed when employers wrongly exploit a cheap source of labor. That's why immigration reform is also an economic imperative -- an essential step needed to strengthen our middle class, create new industries and new jobs, and make sure America remains competitive in the global economy.

Because this is such a tough problem -- one that politicians in Washington have been either exploiting or dodging, depending on the politics -- this change has to be driven by people like you.

Washington won't act unless you lead.

So if you're willing to do something about this critical issue, join our call for immigration reform now. Those who do will be part of our campaign to educate people on this issue and build the critical mass needed to make Washington act:

In recent years, concerns about whether border security and enforcement were tough enough were among the greatest impediments to comprehensive reform. They are legitimate issues that needed to be addressed -- and over the past two years, we have made great strides in enhancing security and enforcement.

We have more boots on the ground working to secure our southwest border than at any time in our history. We're going after employers who knowingly break the law. And we are deporting those who are here illegally. I know the increase in deportations has been a source of controversy, but I want to emphasize that we are focusing our limited resources on violent offenders and people convicted of crimes -- not families or people looking to scrape together an income.

So we've addressed the concerns raised by those who have stood in the way of progress in the past. And now that we have, it's time to build an immigration system that meets our 21st-century economic needs and reflects our values both as a nation of laws and a nation of immigrants.

Today, we provide students from around the world with visas to get engineering and computer science degrees at our top universities. But then our laws discourage them from using those skills to start a business or a new industry here in the United States. That just doesn't make sense.

We also need to stop punishing innocent young people for the actions of their parents -- and pass the DREAM Act so they can pursue higher education or become military service members in the country they know as home. We already know enormous economic benefits from the steady stream of talented and hardworking people coming to America. More than a century and a half ago, U.S. Steel's Andrew Carnegie was a 13-year-old brought here from Scotland by his family in search of a better life. And in 1979, a Russian family seeking freedom from Communism brought a young Sergey Brin to America --

where he would become a co-founder of Google.

Through immigration, we've become an engine of the global economy and a beacon of hope, ingenuity and entrepreneurship. We should make it easier for the best and brightest not only to study here, but also to start businesses and create jobs here. That's how we'll win the future.

Immigration is a complex issue that raises strong feelings. And as we push for long-overdue action, we're going to hear the same sort of ugly rhetoric that has delayed reform for years -- despite long and widespread recognition that our current system fails us all and hurts our economy.

So you and I need to be the ones talking about this issue in the language of hope, not fear -- in terms of how we are made stronger by our differences, and can be made stronger still.

Take a moment now to watch my El Paso speech and join this campaign for change:

Thank you,

Barack

Contributions or gifts to Obama for America are not tax deductible

This email was sent to: johnkim200859@yahoo.com

49

Submitted by

Sejun Kim


Signature
Correction Center
810 Commerce
Karnes City, 78118



Tel 830-780-3525
Fax 830-780-4323



John K. Kim, Ph.D.
        Sejun Kim's legal advisor
        through-EOIR-27


613 Fallmeadow # 4
Denton, Texas 76207

50

동 반 자
CHILDREN INCLUDED

| | 성 명 NAME | | 성 별 SEX | 생 년 월 일 DATE OF BIRTH | 관 계 RELATIONSHIP |
|---|---|---|---|---|---|
| 1 | SERY | KIM | F | APR. 26, 1978 | DAUGHTER |
| 2 | SEJUN | KIM | M | OCT. 27, 1979 | SON |
| 3 | | | | | |
| 4 | | | | | |

| 1 사진란 | 2 사진란 | 3 사진란 | 4 사진란 |

Family Name (Capital Letters): KIM   First Name: SE JUN   Middle Initial: KYOO
Country of Citizenship: Korea   Passport or Alien Registration Number: 639017   Permit Number:
United States Address (Number, Street, City, and State): East Hall #112 Central State University Edmond
Airline and Flight No. or Vessel of Arrival: KAL 6-23   Passenger departed at: Oklahoma 73034   Korea
Number, Street, City, Province (State) and Country of Permanent Residence: 28 pong kou He Jo Kong
Month, Day and Year of Birth: OCT. 27, 1979
City, Province (State) and Country of Birth: Seoul, Korea
Visa issued at (If no visa, insert ticket number): Seoul, Korea
Month, Day and Year Visa Issued: JAN. 20, 1981

US IMMIGRATION
066 LOS C-15290
DEC 21 1981
E-2
ADMITTED UNTIL: Jan 21, 1982   (CLASS)

FORM 1-94

NONIMMIGRANT ALIEN WHO ACCEPTS UNAUTHORIZED EMPLOYMENT IS SUBJECT TO DEPORTATION
Surrender this Copy When Leaving The United States   SEE REVERSE

17

Application number A-91-272-367
Name: Sejun Kim (Kim is last name)



# TEXAS RULES OF CIVIL PROCEDURE

## PART I - GENERAL RULES

### RULE 1.  OBJECTIVE OF RULES

The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction.

### RULE 2.  SCOPE OF RULES

These rules shall govern the procedure in the justice, county, and district courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated. Where any statute in effect immediately prior to September 1, 1941, prescribed a rule of procedure in lunacy, guardianship, or estates of decedents, or any other probate proceedings in the county court differing from these Rules, and not included in the "List of Repealed Statutes," such statute shall apply; and where any statute in effect immediately prior to September 1, 1941, and not included in the "List of Repealed Statutes," prescribed a rule of procedure in any special statutory proceeding differing from these rules, such statute shall apply. All statutes in effect immediately prior to September 1, 1941, prescribing rules of procedure in bond or recognizance forfeitures in criminal cases are hereby continued in effect as rules of procedure governing such cases, but where such statutes prescribed no rules of procedure in such cases, these rules shall apply. All statutes in effect immediately prior to September 1, 1941, prescribing rules of procedure in tax suits are hereby continued in effect as rules of procedure governing such cases, but where such statutes prescribed no rules of procedure in such cases, these rules shall apply; provided, however, that Rule 117a shall control with respect to citation in tax suits.

### RULE 3.  CONSTRUCTION OF RULES

Unless otherwise expressly provided, the past, present or future tense shall each include the other; the masculine, feminine, or neuter gender shall each include the other; and the singular and plural number shall each include the other.

### RULE 3a.  LOCAL RULES

Each administrative judicial region, district court, county court, county court at law, and probate court, may make and amend local rules governing practice before such courts, provided:

THE WHITE HOUSE

WASHINGTON

July 12, 2001

Dr. John K. Kim
Number 4
613 Fallmeadow
Denton, Texas  76207-7506

Dear Dr. Kim:

Thank you for contacting President Bush for assistance in dealing with an agency of the Federal government. I am responding on the President's behalf.

On behalf of the Bush Administration we are sending your case to the Department of Justice, whom we have requested to respond to your inquiry. We will request that the agency review the facts, start a case, reopen your old case, or explain their previous decision on your former case, if applicable. The agency will respond directly to you as promptly as possible and provide us with a copy of their response.

If you would like to contact the agency directly, you may do so at:

> Department of Justice
> 425 I Street Northwest
> Washington, DC  20536

Thank you for contacting the White House for assistance.  Best wishes.

Sincerely,

*Deborah K. Hair*

Deborah K. Hair
Special Assistant to the President
Director of Correspondence
and Presidential Messages

cc:  Department of Justice



## THE WHITE HOUSE
### WASHINGTON

July 18, 2001

Mr. John Koo-hyun Kim
Apartment 4
613 Fallmeadow
Denton, Texas  76207-7506

Dear Mr. Kim:

Thank you for contacting President Bush for assistance in dealing with an agency of the Federal government.  I am responding on the President's behalf.

On behalf of the Bush Administration we are sending your case to the Department of Justice, whom we have requested to respond to your inquiry. We will request that the agency review the facts, start a case, reopen your old case, or explain their previous decision on your former case, if applicable. The agency will respond directly to you as promptly as possible and provide us with a copy of their response.

If you would like to contact the agency directly, you may do so at:

Department of Justice
425 I Street Northwest
Washington, DC  20536

Thank you for contacting the White House for assistance.  Best wishes.

Sincerely,

*Deborah K. Hair*

Deborah K. Hair
Special Assistant to the President
Director of Correspondence
and Presidential Messages

cc:  Department of Justice

25

U.S. Department of Justice                                   ~~Filed~~ Warrant of Removal/Deportation
Immigration and Naturalization Service

54

File No:  A75 887 588
Date:   July 15, 1999

2-21-198/

To any officer of the United States Immigration and Naturalization Service:

fraud

Sejun KIM
(Full name of alien)

who entered the United States at _____ UNKNOWN _____ on _____ October 17, 1996 _____
                                    (Place of entry)                    (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

[X] an immigration judge in exclusion, deportation, or removal proceedings
[ ] a district director or a district director's designated official
[ ] the Board of Immigration Appeals
[ ] a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

Section 212(a)(2)(C) and 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the
Attorney General under the laws of the United States and by his or her direction, command you
to take into custody and remove from the United States the above-named alien, pursuant to law,
at the expense of the appropriation "Salaries and Expenses, Immigration and Naturalization
Service 1999".

_____
(Signature of INS official)

1999. 7. 15.                              District Director
                                          (Title of INS official)

                                          El Paso, Texas
                                          (Office location)

                                          Form I-205 (Rev 4-1-97)N

UNDER DOCKET CONTROL AT EL PASO, TEXAS

17



CITY OF DALLAS

MARCH 11, 1996

To Whom It May Concern:

A search of the records of this office reflects no criminal records on file under the name of:

KIM, SEJUN
10-27-79 (JUVENILE)

It is to our understanding that this information is to be used in obtaining a passport, work visa or for immigration purposes.

Sincerely,

BENNIE R. CLICK
CHIEF OF POLICE

Mary Stephens
Manager
Records Section
Support Services Bureau